IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                              )
                                                    )
DALE ELDON LUND and                                 )   Case No. 05-62219
LILITH M LUND,                                      )
                                                    )
            Debtor.                                 )

ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION
IN SWISS ARMY CONDOR MOTORCYCLE

The Chapter 7 Trustee filed an Objection to an exemption claimed by the Debtors in a 1979 Swiss Army Condor motorcycle. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1).

The Bankruptcy Code (the Code) permits a state to opt out of the federal bankruptcy exemption scheme.[1] The State of Missouri has exercised this option.[2] In Missouri, a debtor may claim an exemption in "[a]ny motor vehicle in the aggregate, not to exceed three thousand dollars in value."[3] "Motor vehicle" is defined as "any self-propelled vehicle not operated exclusively upon tracks, except farm tractors."[4] "Motorcycle" is defined as "a motor vehicle operated on two wheels."[5] Further, "vehicle" is defined as "any mechanical

---

[1] 11 U.S.C. § 522(b)(1).

[2] Mo. Rev. Stat. § 513.427.

[3] Mo. Rev. Stat. § 513.430(5).

[4] Mo. Rev. Stat. § 301.010(34).

[5] Mo. Rev. Stat. § 301.010(36).

device on wheels, designed primarily for use, or used, on highways, except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on fixed rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons." And, finally, "motorized bicycle" is defined as a "two-wheeled device . . . having an automatic transmission and a motor . . . capable of propelling the device at a maximum speed of not more than thirty miles per hour on level ground."[6]

Under the plain language of the statutes, a motorcycle (as opposed to a motorized bicycle) is a motor vehicle. According to the Debtor, the Condor is a self-propelled motorcycle, and not a motorized bicycle, which he uses to travel to and from work most days. Presumably, it is capable of traveling at more than thirty miles per hour on level ground. Therefore, under the plain language of the Missouri statutes, the Condor is a motor vehicle and is therefore included within the exemption provided under § 513.430(5).

Accordingly, the Trustee's objection to the Debtors' exemption in the Condor is OVERRULED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: **December 9, 2005**

    **Copy to: J. Kevin Checkett**
             **Ted L. Tinsman**

---

[6] Mo. Rev. Stat. § 301.010(37).